IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CORPORATE UNIVERSE, INC., *Plaintiff,* v. EMRY CAPITAL GROUP, INC., BAYERN INDUSTRIES, LLC, MICHAEL DOBBS, MINA MAR MARKING GROUP, INC., *Defendants.* | Civil Action No. ELH-20-2925 |

**MEMORANDUM**

Plaintiff Corporate Universe, Inc. ("COUV") filed suit against a host of defendants, seeking cancellation of shares of common stock of COUV that were allegedly issued improperly to defendants, without consideration. ECF 1 ("Complaint"); ECF 6 ("First Amended Complaint" or "FAC"). In particular, the defendants are Michael Dobbs; Emry Capital Group, Inc. ("Emry"); Bayern Industries, LLC ("Bayern"); and Mina Mar Marketing Group, Inc. ("Mina").[1] The action "is instituted pursuant to 17 C.F.R. § 230.144 (Rule 144 of the Securities Act of 1933)." ECF 6, ¶ 1. Plaintiff has included several exhibits with the suit.

In the First Amended Complaint, plaintiff seeks declaratory (Count I) and injunctive relief (Count II) to "remedy COUV's injury from the improper issuance of inordinate amounts of company stock issued in exchange for zero consideration." *Id.* ¶ 12. Thus, plaintiff asks the Court to issue a "declaration that the shares issued were void for want of consideration." *Id.*

---

[1] Dobbs was added as a defendant in the First Amended Complaint.

Emry, Bayern, and Mina have not responded to the suit. *See* Docket. At the request of plaintiff (ECF 20), the Clerk entered an order of default as to the three defendants, pursuant to Fed. R. Civ. P. 55(a). *See* ECF 23. Notice of Default is docketed at ECF 24. Plaintiff subsequently filed a motion for default judgment as to Emry, Bayern, and Mina. ECF 25 ("Motion for Default"). By Order of August 12, 2021, I granted the Motion for Default as to Emry, Bayern, and Mina, pursuant to Fed. R. Civ. P. 55(b). ECF 26.

Now pending is a motion to dismiss filed by Dobbs, pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1391, claiming improper venue. ECF 14 (the "Motion"). Plaintiff opposes the Motion. ECF 21. Dobbs has not replied and the time to do so has expired.

No hearing is necessary to resolve the motion. Local Rule 105.6. For the reasons that follow, I conclude that venue is not proper in this Court as to defendant Dobbs. Accordingly, I shall transfer the suit as to Dobbs to the United States District Court for the Southern District of New York.

## I.   Background

COUV is a publicly traded Delaware corporation. ECF 6, ¶ 4. Dobbs resides in Bronx, New York. *Id.* ¶ 7. Emry, Bayern, and Mina are incorporated in Delaware with their principal places of business in Canada. *Id.* ¶¶ 5, 6, 8.

In August 2020, a new Chief Executive Officer was appointed for COUV, and "in the process of compiling COUV's books and records in order to bring its public securities filings current," plaintiff "discovered clear evidence that prior management issued millions of shares to Defendants without any valid consideration paid for such shares." *Id.* ¶ 14. Plaintiff alleges that between September 15, 2010 and September 24, 2010, Emry and Mina were each issued a total of 33,333,330 shares of COUV common stock, currently valued at $666,666.60. *Id.* ¶¶ 17, 19.

Between September 15, 2010 and November 5, 2010, Bayern was issued a total of 23,333,330 shares of COUV common stock, currently valued at $466,666.60. *Id.* ¶ 18. And, on November 5, 2010, Dobbs was issued a total of 10,000,000 shares of COUV common stock, now valued at $200,000. *Id.* ¶ 20. Collectively, the defendants own a total of 66,666,660 shares of COUV common stock, valued at $1,333,333.32. *Id.* ¶ 21.

Plaintiff alleges that the "current management and Board of COUV cannot locate any record of evidence of consideration provided by Defendants" for these shares. *Id.* ¶ 15. Thus, plaintiff "believes that the issuance of shares to the Defendants was void." *Id.*

## II. Standard of Review

Section 1391(a) of 28 U.S.C. governs "the venue of all civil actions" in federal court. Under § 1391(b), a civil action may be brought as follows:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

These three subsections are often referred to, respectively, as "residential venue," "transactional venue," and "fallback venue." 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3804 (4th ed. 2021) (*hereafter* "Wright & Miller"). The first two subsections are "preferred judicial districts" for venue, while the third subsection provides a "fallback option . . . ." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 579 U.S. 49, 56 (2013). Thus, "if no other venue is proper, venue will lie in any judicial

district in which any defendant is subject to the court's personal jurisdiction [under § 1391(b)(3)]."

*Id.* (internal quotations and citation omitted) (emphasis omitted).

Under 28 U.S.C. § 1391(c)(1), a person shall be deemed to reside where he is domiciled. In addition, § 1391(c)(2) is pertinent. It states, in part, *id.*:

> [A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question....

A defendant may challenge the plaintiff's choice of venue by way of a motion under Federal Rule of Civil Procedure 12(b)(3). In the Fourth Circuit, when a challenge to venue is raised, the plaintiff bears the burden of demonstrating that venue is appropriate. *Bartholomew v. Virginia Chiropractors Ass'n*, 612 F.2d 812, 816 (4th Cir. 1979), *cert. denied*, 446 U.S. 938 (1980), overruled on other grounds by *Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119 (1982); *accord Tinoco v. Thesis Painting, Inc.*, 2017 WL 52554, at *2 (D. Md. Jan. 3, 2017); *Jones v. Koons Auto. Inc.*, 752 F. Supp. 2d 670, 679 (D. Md. 2010).

"Because 'it is possible for venue to be proper in more than one judicial district,' the question is not whether a given district is the best venue, but whether the events or omissions that occurred there are 'sufficiently substantial.'" *Carefirst v. Taylor*, 235 F. Supp. 3d 724, 732 (D. Md. 2017) (quoting *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)). And, in considering "whether events or omissions are sufficiently substantial to support venue . . . , a court should not focus only on those matters that are in dispute or that directly led to the filing of the action." *Mitrano*, 377 F.3d at 406. Instead, "it should review 'the entire sequence of events underlying the claim.'" *Id.* (quoting *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001)); *accord Taylor v. Shreeji Swami, Inc.*, PWG-16-3787, 2017 WL 1832206, at *1 (D. Md. May 8, 2017); *Convergence Management Associates, Inc. v. Callender*, TDC-15-4015, 2016 WL 6662253, at *2

(D. Md. Nov. 10, 2016). Further, a motion to dismiss for improper venue, filed under Rule 12(b)(3), "allows the court to freely consider evidence outside the pleadings . . . ." *Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006).

### III.     Discussion

As indicated, Dobbs claims that venue is not proper in Maryland. ECF 14, ¶ 6. He notes that, as alleged in the Amended Complaint, he is a "resident" of New York, *id.* ¶¶ 1, 4, and his "three co-defendants … are non-Maryland entities" that "have no connection to the forum of the State of Maryland." *Id.* ¶ 4. Moreover, he asserts that COUV has "no connection to the forum of the State of Maryland." *Id.* ¶¶ 1, 4.[2]

In the First Amended Complaint, plaintiff alleges that "[v]enue is proper in the Northern District" but provides no evidence in support of this assertion. ECF 6, ¶ 3. Further, in its opposition to the Motion, plaintiff does not contest that venue is improper in Maryland. *See* ECF 21. Instead, plaintiff claims that granting the motion to dismiss will force him to refile the suit in New York. *Id.* ¶ 12.

In my view, under 28 U.S.C. § 1391(b), plaintiff has failed to make a *prima facie* showing that venue is proper in the District of Maryland as to Dobbs.

First, venue is not proper under § 1391(b)(1) because Dobbs is a resident of New York. ECF 6, ¶ 7; ECF 14, ¶¶ 1, 4.

Second, plaintiff has not demonstrated that any part of the "events or omissions giving rise to the claim occurred" in Maryland. *See* 28 U.S.C. § 1391(b)(2). Rather, COUV alleges that shares were issued from a Delaware-based company to a New York resident and three entities

---

[2] Indeed, it appears to the Court that plaintiff's counsel is the only person with ties to Maryland.

5

incorporated in Delaware that operate in Canada. Furthermore, there are no allegations that any of the parties had any connection to Maryland, or that the events leading to the suit transpired in Maryland. *See* ECF 6; ECF 14.

Third, a condition of the "fallback venue" provision, under § 1391(b)(3) is that *any* defendant must be subject to the court's personal jurisdiction in the chosen venue. *See* ECF 6; ECF 14; ECF 21. Plaintiff has not provided any facts to support any basis for personal jurisdiction in Maryland as to Dobbs or the corporate defendants. Therefore, this provision is not applicable here.

It follows, then, that venue is improper in the District of Maryland. I turn to consider the appropriate remedy.

Dobbs urges the Court to dismiss the suit, claiming that plaintiff can refile in New York if it seeks to do so.

Section 1404 of 28 U.S.C. is titled "Change of Venue." It provides, in part, that, in the interest of justice and for the convenience of the parties, a district court may transfer a civil action to any other district where it may have been brought. 28 U.S.C. § 1404(a).

The standard for a § 1404(a) transfer can be distilled, as follows: "(1) the transferee court must be a court in which the action could have been brought initially; (2) the transfer must be convenient to the parties and witnesses; and (3) the transfer must be in the interest of justice." *Dow v. Jones*, 232 F.Supp.2d 491, 499 (D. Md. 2002). The transfer analysis "calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). These include: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Tr. of the Plumbers and Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015); *see, e.g.*, *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 469 (D. Md. 2008); *Cross*

*v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 856 (D. Md. 2005); *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d, 615, 617 (D. Md. 2002).

As noted in *Excel Servs. v. Walker*, AW-09-3128, 2010 WL 1759789 at *2 (D. Md. April 30, 2010), "[t]hough neither the Supreme Court nor the Fourth Circuit have explicitly stated a court may transfer a case under 28 U.S.C. § 1404(a) when venue is proper[ ] but the court lacks personal jurisdiction over a defendant, other courts in this District have found personal jurisdiction unnecessary under this statute, and the Fourth Circuit has not held otherwise." *Id.*; *see also Harry & Jeanette Weinberg Found. v. ANB Inv. Mgmt. & Trust Co.*, 966 F. Supp. 389, 392 (D. Md. 1997) (transferring case under 28 U.S.C. § 1404(a), despite a lack of personal jurisdiction); *Ulman v. Boulevard Enterprises, Inc.*, 638 F. Supp. 813, 815 (D. Md. 1986) ("Where personal jurisdiction is lacking but venue is present, the original forum court has the authority to transfer pursuant to and in accordance with 28 U.S.C. § 1404(a), provided, of course, that subject matter jurisdiction exists in the original forum court.").

Of the circuits that have addressed this issue, the majority have concluded that personal jurisdiction is not required for transfer under 28 U.S.C. § 1404(a). *Excel*, 2010 WL 1759789 at *2; *see Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 967 (9th Cir. 1993); *Cote v. Wadel*, 796 F.2d 981, 984-85 (7th Cir. 1986); *Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985); *Roofing & Sheet Metal Serv. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 992 n. 16 (11th Cir. 1982). *But see Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993) (concluding that only transfer under 28 U.S.C. § 1406(a) is proper when personal jurisdiction is lacking); *Mayo Clinic v. Kaiser*, 383 F.2d 653, 654 (8th Cir. 1967) (same).

Section 1406 of 28 U.S.C. pertains to the "cure or waiver of defects" with regard to venue. In particular, § 1406(a) provides: "The district court of a district in which is filed a case laying

7

venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Thus, the statute makes clear that, where venue is improper, the district court has discretion to dismiss the action or transfer it to a forum in which the case could have been brought. *See id.*; *see also Sewell v. Commodity Futures Trading Comm'n*, PX-16-2457, 2017 WL 1196614, at *4 (D. Md. Mar. 31, 2017) (explaining that, under § 1406(a), "[w]hether a transfer would be in the interest of justice is committed to the discretion of the trial court"); *Ademiluyi v. Nat'l Bar Ass'n*, GJH-15-2947, 2016 WL 4705536, at *3 (D. Md. Sept. 8, 2016) (same); *Estate of Bank v. Swiss Valley Farms Co.*, 286 F. Supp. 2d 514, 521–22 (D. Md. 2003).

Courts generally favor transfer over dismissal unless "plaintiff is harassing the defendants or acting in bad faith or forum shopping." *Ademiluyi v. Nat'l Bar Ass'n*, GJH-15-02947, 2016 WL 4705536, at *3 (D. Md. Sept. 8, 2016); *see Sorcia v. Holder*, 643 F.3d 117, 122 (4th Cir. 2011) ("Where a Court of Appeals has jurisdiction but lacks venue, it has inherent authority to transfer a case to another circuit where both venue and jurisdiction exists; however, in the exercise of such inherent authority it is appropriate to consider whether the interest of justice mandates transfer."); *Garrett v. Gulf Stream Coach, Inc.*, No. 3:08cv792, 2009 WL 936297, *5 (E.D. Va. 2009) ("Dismissal for improper venue where venue would properly lie elsewhere would serve no real purpose other than to add the additional expense of re-filing the case."); *Gov't of Egypt Procurement Office v. M/V Robert E. Lee*, 216 F. Supp. 2d 468, 473 (D. Md. 2002) ("Courts generally favor transfer over dismissal, unless there is evidence that a case was brought in an improper venue in bad faith or to harass defendants....").

Notably, a district "in which [suit] could have been brought" is a district "in which venue would have been proper." 4D Wright & Miller, § 3827 (internal quotations omitted); *see Hoffman*

*v. Blaski*, 363 U.S. 335, 343-44 (1960) (finding that the power of a district court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff); *see also Van Dusen v. Barrack*, 376 U.S. 612, n.11 (1964) (noting that § 1406(a) "contains a similar phrase [to § 1404(a)]: '. . . transfer such case to any district or division in which it could have been brought[]'").

As Dobbs asserts, it is clear that New York would be a proper venue under § 1391(b)(a). And, transferring the case will spare plaintiff the costs of refiling suit in New York. *See Varma v. Gutierrez*, 421 F. Supp. 2d 110, 115 (D.D.C. 2006) (holding dismissal, which causes refiling, would be "needlessly duplicative and costly"). The interest of justice thus militates in favor of transfer to the United States District Court for the Southern District of New York as to Dobbs.

## IV. Conclusion

For the aforementioned reasons, I shall grant the Motion, in part. Based on defendant's residency in the Bronx, I shall transfer the claims as to Dobbs to the United States District Court for the Southern District of New York.

A separate Order follows.

Date: August 12, 2021                                /s/
                                                             Ellen L. Hollander
                                                             United States District Judge